BEFORE JUDGE OLIVER, JUNE 28, 1966

**No. R66/7.**—Continental Merchandise Co., Inc. *v.* United States, reappraisements R60/8939, etc. (New York).

**No. R66/8.**—Continental Mdse. Co., Inc. *v.* United States, reappraisements R62/1055, etc. (New York).

**No. R66/9.**—Continental Mdse. Co., Inc., et al. *v.* United States, reappraisements R62/11266, etc. (New York).

OLIVER, J.   In accordance with stipulation of counsel that the issues of fact and law are the same in all material respects as those in *Panation Trade Co.* v. *United States*, 54 Cust. Ct. 758, A.R.D. 181, the court found and held that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis for the determination of the value of the cigarette lighters here in question and that such value is equal to the appraised values, less inspection fees in the sum of $0.05 per dozen.

BEFORE JUDGE WATSON, JUNE 28, 1966

**No. R66/10.**—Panation Trade Co. *v.* United States, reappraisements R64/18640, etc. (New York).

WATSON, J.   In accordance with stipulation of counsel that the issues of fact and law are the same in all material respects as those in *Panation Trade Co.* v. *United States*, 54 Cust. Ct. 758, A.R.D. 181, the court found and held that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis for the determination of the value of the cigarette lighters here in question and that such values were the invoiced unit ex-factory prices.